**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **KIERIN DIANE NICHOLS,**<br><br>Petitioner,<br><br>v.<br><br>**CHARLOTTE THRASHER**, Superintendent, Coffee Creek Correctional Facility,[1]<br><br>Respondent. | Case No. 3:21-cv-1581-JR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on September 3, 2025. Judge Russo recommended that this Court deny Petitioner's Amended Petition for Writ of Habeas Corpus.[2]

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

[1] The Court automatically substitutes Charlotte Thrasher for Rob Persson, under Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Petitioner's original Petition for Writ of Habeas Corpus, ECF 2, is moot based on Petitioner's amended petition filed after the Court appointed pro bono counsel.

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection, to which Respondent responded. Petitioner objects to the portion of the Findings and Recommendation finding that the state court did not improperly apply *Strickland v. Washington*, 466 U.S. 668 (1984), relating to Petitioner's ineffective assistance of counsel claim. The Findings and Recommendation concluded that there is no prejudice from the state court's decision because Petitioner desired to maintain her innocence at trial and any defense such as guilty except for insanity, diminished capacity, or extreme emotional disturbance would necessarily contradict with that stance. *See id.* at 694 (stating that prejudice occurs when "there is a reasonable probability that, but for the counsel's

unprofessional errors, the result of the proceeding would have been different" and that a reasonable probability" is one that is "sufficient to undermine confidence in the outcome").

Petitioner argues that trial counsel admits that he did not perform an investigation into these defenses and counsel Petitioner on them, other than broadly mention their existence and concede to Petitioner's stated desire to maintain her innocence. In a new argument raised in her objections, Petitioner contends that those defenses are not mutually exclusive with a claim of innocence and had trial counsel properly investigated the defenses, he could have advised Petitioner to proceed with the defenses in the alternative.[3] Particularly given evidence that Petitioner told her husband on a recorded line that if she killed her neighbor, she did not recall doing so, and evidence from a medical doctor that the medications Petitioner was taking could have caused blackouts and memory loss.

The Court agrees with and adopts the Findings and Recommendation with respect to the arguments presented to Judge Russo. Regarding Petitioner's new argument, there may have been some way to present the defenses of guilty except for insanity, diminished capacity, or extreme emotional disturbance in the alternative, but doing so would have, at least by implication, weakened Petitioner's claim of innocence. It is difficult to argue "I did not do it, but if I did it, I was emotionally disturbed" to a jury and not have them consider the argument at least in part a concession of guilt. Petitioner's trial counsel states that he generally discussed those defenses and that Petitioner "repeatedly" denied killing her neighbor and was opposed to a defense that would admit guilt. Declaration of Jospeh G. Maier ¶ 5 (ECF 16-1 at 448). Although trial counsel couched his decision as one based on not investigating or pursuing a defense "in which [counsel]

[3] The Court requested supplemental briefing by Respondent to address this new argument.

would *admit* that petitioner killed the victim," *Id.* ¶ 6 (emphasis added), raising those defenses in the alternative could still strategically be considered an admission of guilt. This is further shown by counsel's express consideration of whether arguing at trial both that the neighbor died of natural causes and that if she was killed, Petitioner did not kill her, were "complementary" defenses. *Id.* ¶ 2. Counsel clearly evaluated whether distinct defenses could be brought together.

The Court's evaluation of ineffective assistance of counsel is doubly deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (quotation marks and citations omitted)). Under this standard, Petitioner fails to show that the state court misapplied *Strickland* in concluding that Petitioner did not suffer prejudice as that term is defined in *Strickland*.

The Court, however, disagrees with Judge Russo that a certificate of appealability should not be issued. Petitioner raised as a new argument in her objections that trial counsel could have brought the mental disease or defect and emotional disturbance defenses in the alternative to Petitioner's claim of innocence. A reasonable jurist could conclude that, given the circumstances of this case, constitutionally sufficient trial counsel would have investigated those defenses and presented a more fulsome picture to Petitioner to decide how to proceed at trial.

The Court ADOPTS IN PART the Findings and Recommendation. ECF 48. The Court adopts the analysis and conclusion of the Findings and Recommendation, as supplemented herein. The Court DENIES Petitioner's Amended Petition for Writ of Habeas Corpus. ECF 10. The Court GRANTS a certificate of appealability on the issue of whether Petitioner received ineffective assistance of counsel by her trial attorney failing to investigate and present for

Petitioner's consideration the defenses of guilty except for insanity, diminished capacity, or extreme emotional disturbance, particularly as defenses that could be raised in the alternative. The Court DENIES a certificate of appealability on all other grounds, because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 15th day of October, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge